# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LILIYA SOKOLINSKY** <br> 431 County Line Road <br> Huntingdon Valley, PA 19006 <br><br> Plaintiff <br><br> v. <br><br> **DYNAMIC RECOVERY SOLUTIONS, LLC.** <br> 135 Interstate Blvd., Suite 6 <br> Greenville, South Carolina 29616 <br><br> Defendant | No.: **13  2181** <br><br> Jury Trial Demanded |

## COMPLAINT

### INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

### JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

3. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d), 28 U.S.C. Section 1331, 1337 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367. Venue is proper in accordance with 28 U.S.C. Section 1391(b).

4. Defendant obtains the benefit(s) of regularly transacting business in Montgomery County, Commonwealth of Pennsylvania.

5. Defendant regularly transacts business in the Commonwealth of Pennsylvania.

## PARTIES

6. All previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

7. Plaintiff is Lilya Sokolinsky, an adult individual with a current address of 431 County Line Road, Huntingdon Valley, PA 19006.

8. Defendant(s) is Dynamic Recovery Solutions, a business engaged in consumer debt collection with a principle place of business located at 135 Interstate Blvd., Suite 6, Greenville, South Carolina 29616.

## FACTUAL BACKGROUND

9. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

10. On or about February 2013 and/or March 2013, within 365 days from the date of the filing of this Complaint, Defendant called vis-à-vis autodialer, Plaintiff's cellular phone number 267-205-2533 on at least six (6) separate occasions and spoke with Plaintiff on at least three (3) separate occasions.

11. On or about February 2013, within 365 days from the date of the filing of this Complaint, Defendant called Plaintiff at her cell phone number 267-205-2533, asking Plaintiff for her father and disclosing to Plaintiff daughter that Defendant is Dynamic Recovery Solutions and "trying to collect a debt" from her father. Plaintiff told

Defendant that this cellular phone number 267-205-2533 is hers and not her father's number and not to call her again.

12. Again, on or about February 2013, within 365 days from the date of the filing of this Complaint, Defendant called Plaintiff on her cell phone number 267-205-2533, asking for Plaintiff's father and disclosing to Plaintiff that Defendant is attempting to collect a debt. Again, Plaintiff told Defendant that this cellular phone number 267-205-2533 is hers and not her father's number and not to call her again.

13. Again, on or about March 2013, within 365 days from the date of the filing of this Complaint, Defendant called Plaintiff on her cell phone number 267-205-2533, asking for Plaintiff's father and disclosing to Plaintiff that Defendant is attempting to collect a debt. Again, for a third time, Plaintiff told Defendant that this cellular phone number 267-205-2533 is not her father's number and not to call her again.

14. At all times material hereto Plaintiff told Defendant that the cellular phone number it was calling 267-205-2533 was her cellular phone number and not her father's cellular phone and to stop calling her. Defendant refused and continued calling Plaintiff with total disregard for Plaintiff's directive to stop calling her.

15. Defendant called Plaintiff's cellular phone with an intent to harass, annoy and abuse Plaintiff and caused Plaintiff emotional distress.

16. Defendant used an autodialer system and/or left automated voice messages on Plaitniff's cell phone, Defendant's phone calls to Plaintiff were not an emergency. Plaintiff never gave permission to the original creditor or to Defendant to call her cell phone as the alleged debt upon which Defendant was calling was NOT Plaintiff's debt.

## COUNT I
## VIOLATION OF THE FDCPA
## 15 USC 1692 et. seq.

17. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

18. Plaintiff is a consumer debtor as defined by the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692a(3).

19. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692a(6).

20. At all times mentioned herein, Defendant was attempting to collect on an alleged consumer "debt" against Plaintiff through "communications" as defined by FDCPA 15 U.S.C. Section 1692a(2) and 1692a(5).

21. Defendant violated the FDCPA, 15 U.S.C Sections, 1692c(b), 1692d, 1692e, 1692e(10), 1692f in the following manner:

    (a) Communicating with Third Parties, communicating with Plaintiff about a debt allegedly owed by another person;

    (b) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

    (c) Using misleading and deceptive language when communicating with Plaintiff when attempting to collect any debt or to obtain information concerning a consumer; and

    (d) Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt; and

  (e) Using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt.

22. Defendant engaged in per se violations of the FDCPA, 15 U.S.C. Sections 1692c(b), 1692d, 1692e, 1692e(10) and 1692f.

23. The FDCPA is a strict liability statue and "because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).

24. Defendant's actions and/or omissions as described above were malicious, intentional, willful, wanton, reckless and negligent against Plaintiff.

25. Plaintiff was distressed and suffered from embarrassment, stress and anxiety.

26. Defendant is liable for the acts committed by its agents under the doctrine of respondent superior because Defendant's agents were acting within the scope of their employment with Defendant.

27. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

28. Any mistake made by Defendant would have included a mistake of Law.

29. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## COUNT II
## VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT (TCPA) 47 USC SEC. 227 ET. SEQ.

30. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

31. Section 227(b)(3)(B) of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater," and up to three (3) times that amount in the Court's discretion.

32. Defendant's conduct violated Section 227(b)(1)(A)(iii) of the TCPS by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a cellular telephone for non-emergency purposes, without the prior express consent of the called party, unless the call in initiated for emergency purposes.

33. Defendant repeatedly contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received repeated calls from Defendant on Plaintiff's cellular phone.

34. It is believed and averred that Defendant used some method or mechanism to look up Plaintiff's cell phone number in order to facilitate the calls and/or engaged in skip-tracing.

## COUNT III
## VIOLATION of PENNSYLVANIA'S FAIR TRADE EXTENSION UNIFORMITY ACT, 73 PS 2270.1 et. seq. and PENNSYLVANIA'S UNFAIR TRADE AND CONSUMER PROTECTION LAW, 73 PS. 201 et. seq.

35. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

Case 2:13-cv-02181-TON Document 2 Filed 04/24/13 Page 7 of 8

36. Plaintiff is a consumer debtor as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

37. Defendant is a debt collector as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

38. Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. prohibit any unlawful attempt to collect a consumer debt.

39. The aforementioned misconduct by Defendant is also a violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. because it was an unlawful attempt to collect a consumer debt. A violation of the FDCAP would also be a per se violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

## DAMAGES

40. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

41.     Defendant is liable to Plaintiff for money damages pursuant to 15 U.S.C. Sections 1692k(a)(1), 1692k(a)(2)(A) and attorney's fees pursuant to 15 U.S.C. Section 1692k(a)(3).

**WHEREFORE**, Plaintiff respectfully requests that the following relief be granted:

(a)     Actual damages, including but not limited to phone, fax, stationary, postage, etc. pursuant to 15 U.S.C. Section 1692k(a)(1);

(b)     Statutory Damages pursuant to 15 U.S.C. Section 1692k(a)(2)(A) - $1,000.00 FDCPA;

(c)     Statutory damages pursuant to TCPA at a rate of $500-$1,500 per call, at a minimum ten (10) calls were made to Plaintiff's cell phone numbers;

(d)     $5,000.00 for Emotional Distress, Humiliation, Embarrassment and Anxiety;

(e)     Statutory Damages per 73 PS Section 201 et seq ;

(f)     Attorney's Fees and costs pursuant to 15 U.S.C. Section 1692 k(a)(3).

Attorney's fees are calculated at a rate of $350.00 per hour.

Plaintiff's attorney fees continue to accrue as the case move forward.

(g)     All other relief that the Court deems just and proper.

Respectfully Submitted,
**BLITSHTEIN & WEISS, P.C.**

By: _____
Tova Weiss, Esquire
Iriana Blitshtein, Esquire
648 2nd Street Pike
Southampton, PA 18966
(215)364-4900
Fax (215)364-8050
Attorneys for Plaintiff

Date: 4/19/13